IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-1035 |
| | ) | |
| vs. | ) | Judge Gary L. Lancaster |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| FRED DAVOLI, et al., | ) | |
| | ) | Doc. No. 44 |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I.  **RECOMMENDATION**

It is respectfully recommended that the Motion for Summary Judgment (Doc. No. 44) filed by Plaintiff be granted.

II.  **REPORT**

This case involves a claim for entry of judgment for unpaid assessments of federal income taxes, penalties and interest, against Defendants, Fred and Beverly Davoli ("Taxpayers").  The United States also seeks to foreclose its federal tax lien against one parcel of real property located in East Pittsburgh, Pennsylvania, and to sell such real property at a judicial sale in satisfaction of the unpaid taxes, penalties, and interest owed by the Taxpayers.

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §7402(a).  Venue is proper in this judicial district by virtue of 28 U.S.C. § 1396, because the tax liability of the Taxpayers accrued in the Western District of Pennsylvania, and the real property which is the subject of the federal tax lien is located in this judicial district.

Plaintiff maintains that its federal tax lien is entitled to priority over Defendant Virginia

Thomas on a parcel of real estate located in East Pittsburgh, Pennsylvania, which the United States wants to foreclose and sell at a judicial sale to obtain its unpaid assessment of federal income taxes, penalties and interest.

Because it appears that there are no genuine issues of material fact and that Plaintiff is entitled to judgment as a matter of law, Plaintiff's Motion for Summary Judgment should be granted.

. **A.** **Statement of Facts and Procedural History**

The following facts are not disputed.[1]  On or about May 24, 1996, the Taxpayers acquired real property located at 340 Electric Avenue, East Pittsburgh, Pennsylvania ("340 Electric Ave."). Thereafter, on May 30, 1996, the Taxpayers and Defendant Virginia Thomas co-signed a Business Loan Agreement with Omega Federal Credit Union ("Omega") listing the Taxpayers and Thomas as "Borrower" for amounts to be used solely for "business operations."[2]  On that same date, the Taxpayers and Thomas, signed a Promissory Note in the amount of $ 175,000, listing as security for the Note mortgages on the Taxpayers' real property located at 340 Electric Ave. and Thomas' real property located at 59 Ralston Place, Mt. Lebanon, Pennsylvania ("59 Ralston Place").  *See* Promissory Note dated May 30, 1996 at 3 (Gov't Ex. 104).  Also as collateral for the Note, Thomas executed an assignment of lease and rents for 59 Ralston Place in favor of Omega on May 30, 1996. On that same date, Thomas also executed a mortgage in favor of Omega on her real property located

---

[1]None of the Defendants has filed a response to Plaintiff's motion for summary judgment despite the Court's order directing any Defendant not opposing the motion to file, at the very least, a response indicating their position.  The responses were due on or before October 30, 2006, yet none has been filed as of the date of this Report and Recommendation.

[2]According to Virginia Thomas, she agreed to co-sign a Promissory Note for the purchase of a liquor license to be used by the Taxpayers in their restaurant and catering business.  *See* Thomas' Answers to United States' First Set of Interrogatories, Appendix A (Gov't Ex. 101).  Thomas contends that she signed only the loan for the purchase of the liquor license, but her alleged signature appears on numerous other documents prepared and filed during this time period.  *Id.*

at 59 Ralston Place.   The amount of the loan was subsequently increased by $ 25,000 on April 16, 1998, and the Taxpayers and Thomas signed a Mortgage Modification Agreement to that effect which was secured by the same two mortgages securing the original  $175,000 Note.

On April 26, 1999, the Commissioner of Internal Revenue ("Commissioner") assessed the Taxpayers for unpaid income tax liabilities for the 1997 tax year and sent notice and demand pursuant to 26 U.S.C. § 6303(a).  On February 10, 2000, the Internal Revenue Service filed a notice of Federal tax lien against the Taxpayers in Allegheny County, Pennsylvania for their unpaid 1997 tax liability.  *See Notice of Federal Tax Lien* (Ex. 1 to Pl.'s Compl.). In the meantime, as a result of non-payment of the 1996 Note by the Taxpayers, Omega sent a foreclosure notice to Thomas regarding the real property located at 59 Ralston Place.[3]  In 2000, Thomas remortgaged the real property at 59 Ralston Place and paid off the 1996 Note and Mortgage held by Omega.  It appears that in exchange for Thomas paying off the Omega 1996 Note and Mortgage, the Taxpayers conveyed the real property located at 340 Electric Ave. to Thomas by deed executed on February 16, 2000.  The deed executed between the Taxpayers and Thomas on February 16, 2000 was not recorded until October 1, 2001.

On July 14, 2004, the United States instituted this civil action to reduce its unpaid assessment to a judgment against the Taxpayers and to foreclose on the property located at 340 Electric Ave. in satisfaction of the judgment.  The government also named as Defendants  Thomas and a number of other individuals and entities who could potentially claim an interest in the real property located at 340 Electric Ave. by virtue of judgments and/or tax liens secured against the Taxpayers for amounts

---

[3]Several times in its brief in support of summary judgment, the United States refers to the real property at 59 Ralston Place as "29 Ralston Place."  The Court believes this is a typographical error and will treat all references to "29" Ralston Place in the government's brief as intending to refer to "59" Ralston Place.

owed.  Upon motion of the United States for default judgment, the Clerk of Court entered default judgment on October 21, 2005 in favor of the United States and against the Taxpayers in the amount of $ 29,082.03, with interest accruing pursuant to 26 U.S.C. § 6621, from September 21, 2005 until paid, plus the costs of this lawsuit.

On April 13, 2006, the United States filed a motion for summary judgment specifically requesting that the Court find, as a matter of law, that the United States is entitled to priority over Defendant Virginia Thomas in the 340 Electric Ave. property.  The motion has been fully briefed by the United States, and no opposition has been filed thereto, even after the parties were given notice of the Court's October 23, 2006 order directing a response to said motion.  Therefore, the Court finds that the motion is ripe for determination.

**B.  <u>Summary Judgment Standard</u>**

Summary judgment is appropriate if, drawing all inferences in favor of the nonmoving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56 (c).  Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

More specifically, the moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact.  Once that burden has been met, the nonmoving party must set forth "specific facts showing that there is a *genuine issue for trial*" or the factual record will be taken as presented by the moving party and judgment will be entered as a

matter of law.  *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed.R.Civ.P. 56(e)) (emphasis added by *Matsushita* Court).  An issue is genuine only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty-Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## C.  Analysis

The United States argues that notice of its federal tax lien was filed prior to the recording of the deed between the Taxpayers and Thomas conveying title to 340 Electric Ave. to Thomas, and therefore, it is entitled to priority over Thomas as to such property.  The United States further argues that Thomas does not have a purchase money mortgage or equitable interest in 340 Electric Ave., that  would give her a priority in the property over the federal tax lien.  For the reasons set forth below, the Court finds the argument of the United States has merit.

A federal tax lien in favor of the United States arises upon all property and rights to property when a person neglects or refuses to pay tax liabilities after a demand for payment.  26 U.S.C. §6321. However, federal tax liens are not automatically given priority over all other liens.  *United States v. McDermott,* 507 U.S. 447, 449 (1993).  The courts look to state law to determine the nature of the legal interest a taxpayer holds in property or rights to property.  *Aquilino v. United States,* 363 U.S. 509, 513 (1960) (citing *Morgan v. Comm'r,* 309 U.S. 78, 82 (1940)) (footnote omitted).  Once a tax lien has attached to the taxpayer's property or rights to property, however, the Supreme Court has consistently held that federal law applies to determine the priority of competing liens asserted against a taxpayer's property or rights to property.  *Id.* at 513-14 (footnote and citations omitted).  Under federal law, in the absence of some contrary statutory provision, priority of liens is governed by the common law principle that "'the first in time is the first in right.'"  *McDermott,* 507 U.S. at 449

(quoting *United States v. Britain,* 347 U.S. 81, 85 (1954)) (other citation omitted); *Monica Fuel v. I.R.S.,* 56 F.3d 508, 511 (3d Cir. 1995) (quoting *McDermott, supra*).

A federal tax lien is valid and attaches to a taxpayer's property or rights to property when notice that comports with the requirements of Section 6323(f) has been filed.  26 U.S.C. § 6323(a). Relevant to this case, Section 6323(f) provides *inter alia* the procedure for filing the notice and that the form and content of the notice shall be determined by the Secretary.  26 U.S.C. § 6323(f)(1) & (3).  The regulation promulgated by the Secretary regarding this notice provides that "notice . . . shall be filed on Form 668, 'Notice of Federal Tax Lien Under Internal Revenue Laws' . . . [and] must identify the taxpayer, the tax liability giving rise to the lien, and the date the assessment arose regardless of the method used to file the notice of Federal tax lien." Treas. Reg. 301.6323(f)-1(d)(1) & (2).  The regulation further provides that "[s]uch notice is valid notwithstanding any other provision of law regarding the form or content of a notice of lien.  For example, omission from the notice of lien of a description of the property subject to the lien does not affect the validity thereof even though State law may require that the notice contain a description of the property subject to the lien." Treas. Reg. 301.6323(f)-1(d)(1).

In the present case, if the United States filed a valid  notice of federal tax lien against the property located at 340 Electric Ave. prior to the execution of the deed conveying the property from the Taxpayers to Thomas, then the federal tax lien will have been first in time and thus entitled to priority.

The uncontested evidence shows that Notice of the federal tax lien was filed against the Taxpayers in Allegheny County on February 10, 2000, and that said notice complies with the filing requirements of 26 U.S.C. § 6323(f).  *See Notice of Federal Tax Lien* (Ex. 1 to Pl.'s Compl.).  The

deed conveying the real property located at 340 Electric Avenue from the Taxpayers to Thomas was not executed until six (6) days later, on February 16, 2000, and was not recorded until over twenty (20) months later. *See* Deed Dated 12/16/2000 (Gov't Ex. 108). The Court finds the "first in time" rule applies to this dispute as no contrary statutory provision exists that governs this issue. Therefore, under the "first in time" rule, the federal tax lien attached to the property at 340 Electric Avenue prior to the execution or the recording of the Deed conveying the property to Thomas. Accordingly, the Court concludes that the federal tax lien of the United States is entitled to priority over Thomas's interest in the real property at 340 Electric Ave.

A final matter, however, remains to be addressed. Although Thomas did not file a response in opposition to the government's motion for summary judgment, she did assert a contrary position in her answer to the Complaint. Thomas asserted that she acquired a purchase money mortgage interest in the real property at 340 Electric Ave. when the Taxpayers purchased the property on May 24, 1996. *See* Thomas' Answer to Compl. at ¶ 7. Thomas further asserted that unbeknownst to her, she was the source of most, if not all, of the funds used for the purchase of the real property located at 340 Electric Ave., and she acquired an equitable interest in said property on May 31, 1996, which included a purchase money mortgage interest in said property. *Id.* at ¶¶ 24, 26. If Thomas possesses a valid purchase money mortgage interest in the property at issue, then arguably her interest would be entitled to priority over the earlier filed Notice of federal tax lien. *Slodov v. United States,* 436 U.S. 238, 257-58 & n.23 (1978) (citing *United States v. New Orleans R. Co.,* 12 Wall. 362, 20 L.Ed. 434 (1871)) (holding a federal tax lien is subordinated to a purchase money mortgagee's interest notwithstanding that the security interest arises after notice of the tax lien).

The United States disputes Thomas' assertion and counters that nothing in the documents

produced by Thomas establishes that she had a purchase money mortgage interest in the property located at 340 Electric Ave.  Rather, the government submits, that Thomas is, at best, a co-borrower/co-signer on the loans for the business, which would not entitle her to priority over the United States.  The Court agrees with the United States that the record evidence shows that Thomas does not possess a purchase money mortgage interest in the property located at 340 Electric Ave.

Under Pennsylvania law, a purchase money mortgage is a mortgage:

(i)  taken by the seller of the mortgaged property to secure the payment of all or part of the purchase price; or

(ii)  taken by a mortgagee other than the seller to secure the repayment of money actually advanced by such person to or on behalf of the mortgagor at the time the mortgagor acquires title to the property and used by the mortgagor at the time to pay all or part of the purchase price, except that a mortgage other than to the seller of the property shall not be a purchase money mortgage within the meaning of this section unless expressly stated so to be.

42 Pa.C.S.A. § 8141(1)(i) and (ii)  (1978).  Based on the facts of this case, Thomas' interest does not meet the definition of a purchase money mortgage under Section 8141(1).  First, there is no evidence in the record to suggest that at the time the Taxpayers acquired title to the real property at 340 Electric Ave. on May 24, 1996, Thomas was the seller, or that she took a mortgage on 340 Electric Ave. as security for payment of all or part of the $110,000 purchase price.  Indeed, the seller of the real property on May 24, 1996 was the East Pittsburgh Lodge No. 1192, Loyal Order of Moose ("Moose Lodge"). Therefore, a purchase money mortgage interest was not created on May 24, 1996.

Second, the record evidence also fails to establish a purchase money mortgage interest in favor of Thomas under the second definition set forth in Section 8141(1)(ii).  Thomas submits in her answer to the Complaint that because she advanced most if not all of the funds for the business loan,

8

she took a purchase money mortgage interest in the real property at 340 Electric Ave. as security for the loan on May 30, 1996.  In order for this argument to even be plausible, Thomas would have to establish that she was the mortgagee for the business loan.  This argument strains credulity.  Thomas did not advance any money to the Taxpayers for the acquisition of 340 Electric Ave., nor did she provide any part of the money borrowed under the Business Loan Agreement.  Rather, she was a co-Borrower on the Business Loan Agreement and Promissory Note, which in effect, made her a guarantor for repayment of the Loan and Note. Therefore, under the Pennsylvania statute, there is no configuration of facts that would give rise to a purchase money mortgage interest in favor of Thomas.[4]

Moreover, neither the Business Loan Agreement nor the Promissory Note indicate in any way that the money advanced by Omega was for acquiring title to the real property located at 340 Electric Ave.  Indeed, the Taxpayers had already acquired title to said property six (6) days prior to entering into the Business Loan Agreement with Omega.  In order to qualify as a purchase money mortgage, the money must have been lent with the express purpose and intent that it should be used to pay the purchase price of the real property.  59 C.J.S Mortgages § 215 (May 2006).  The evidence of record here clearly establishes that the mortgage on 340 Electric Ave. given to Omega was solely as collateral for the commercial loan used to acquire a liquor license for the Taxpayers' catering business. Moreover, the amount of the commercial loan far exceeds the amount of the purchase price

---

[4]Nor does a purchase money mortgage arise from Thomas' remortgaging of the real property at 59 Ralston Place to pay off the Promissory Note with Omega.  By paying off the Promissory Note in 2000, Thomas caused Omega to release the mortgage on the 340 Electric Ave. property.   To the extent that Thomas may somehow equate this to an advance of the purchase price for 340 Electric Ave. for the February 16, 2000 conveyance of the property from the Taxpayers to Thomas, this argument also misses the mark.  Thomas was not the seller in this conveyance, and there is nothing in the record to suggest that Thomas executed a mortgage to a third person to obtain an advance of the purchase price for this conveyance.

of 340 Electric Ave., providing further evidence that the mortgage on 340 was not for the purchase of that property.

Accordingly, the Court finds that Thomas does not possess a purchase money mortgage interest in the real property located at 340 Electric Ave., and therefore, she is not entitled to priority over the federal tax lien of the United States.


## III.  <u>CONCLUSION</u>

Because a valid Notice of the federal tax lien was filed prior to the execution and recording of the Deed conveying the real property at 340 Electric Ave. to Thomas, and because Thomas does not possess a purchase money mortgage interest in said property, the Court finds the United States is entitled to summary judgment and recommends that the district court enter an order stating that the federal tax lien of the United States is entitled to priority over Defendant Virginia Thomas in the 340 Electric Ave. property at issue in this case.

Therefore, for the reasons set forth above, it is recommended that the Motion for Summary Judgment (Doc. No. 44) filed by Plaintiff be granted.

In accordance with the Magistrates Act, 28 U.S.C.  § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

Dated: November 22, 2006                          BY THE COURT:


                                                   s/Lisa Pupo Lenihan
                                                  LISA PUPO LENIHAN
                                                  United States Magistrate Judge


cc:     Hon. Gary L. Lancaster
        United States District Judge

        Fred Davoli
        Beverly Davoli
        Apartment 1610
        4460 Hodges Boulevard
        Jacksonville, FL 32224

        Virginia Thomas
        59 Ralston Place
        Pittsburgh, PA 15216

        John Schmuker
        205 Nobile Vista
        Greensburg, PA 15601

        All Counsel of Record
        *Via Electronic Mail*